SMITH *v.* PINDAR REAL ESTATE COMPANY.

230

No. 12376. November 16, 1938. Rehearing denied November 25, 1938.

232

*Hitch, Denmark & Lovett,* for plaintiff.

*A. Leopold Alexander,* for defendant.

RUSSELL, Chief Justice. Counsel for the defendant in error contends: 1, that "the exact language of the covenant in question nowhere states that one residence can not be erected on less than a 'building lot' as defined in the restriction, but prohibits the erection of *more than one* residence on a building lot. Can it not, therefore, be said that the purpose of the restriction is to prevent the erection of *two or more* residences on a 'building lot,' rather than to prevent the erection of one residence on a smaller frontage than sixty feet?" 2, that the plaintiff in error is estopped from enforcing clause 4 of the restrictive covenant, because of the conduct of his predecessors in title, J. Ralston Lattimore and Harry Fulenwider. 3, that the restrictive covenants in the deed in question are rendered void by the act of 1935, which act added to § 29-301 of the Code the following proviso: "Provided, however, that covenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws."

We do not think clause 4 of the restrictive covenant in the deed involved here susceptible of the construction sought to be

placed thereon by counsel. This clause defines a building lot as "a lot having a frontage of not less than" sixty feet, and then inhibits the building of more than one residence upon a "building lot" as thus defined. It is clear and free from ambiguity, and the authorities cited by counsel as to the construction and enforcement of restrictive covenants which are vague and uncertain are not applicable to the clause now under consideration. The cases of *Randall* v. *Atlanta Advertising Service*, 159 *Ga.* 217 (125 S. E. 462) ; *Fauss* v. *McConnell*, 172 *Ga.* 444 (157 S. E. 625) ; *Kitchens* v. *Noland*, 172 *Ga.* 684 (158 S. E. 562) ; *Atlanta Association of Baptist Churches* v. *Cowan*, 183 *Ga.* 187 (188 S. E. 21), cited by the defendant, do not support its position. The real question at issue in the *Randall* case was whether a billboard, for advertising purposes, was a "building" in the sense contemplated by the parties to a deed containing a restriction that "neither the grantee herein nor its successors or assigns . . shall ever have the right to erect a building of any character, on any of said land, which shall be nearer North Avenue than " forty-two feet. This court affirmed the judgment refusing an interlocutory injunction against the erection of the billboard, stating in the opinion : "From a careful consideration of the authorities herein specifically mentioned, we conclude that a billboard such as that described in this case is not, as a matter of law, 'a building of any character.' . . In this case the trial judge was authorized to find that the erection of the billboard in question would not constitute a violation of the building restriction, and the refusal to grant an injunction prohibiting such erection will not be interfered with by this court." The applicable holding in the *Kitchens* case was that "Under the facts of this case the plaintiffs are not entitled to enforce the restrictions contended for against the defendant who holds under a chain of title that *contains no restrictions."* The *Fauss* case did not involve any restrictive covenant. The ruling in the *Cowan* case was: "This being a case wherein the plaintiffs, owners of lots in a certain subdivision, were seeking to enforce restrictions upon the property of the defendant, not by reason of restrictions in the defendant's deed, but because of a general plan adopted by the original owner for the purpose of selling lots, the burden was upon the plaintiffs to prove their case by more than a mere preponderance of the evidence. The judge therefore erred in giv-

234

ing to the jury the charge complained of." In the opinion it was said: "As a general rule, the owner of land in fee has the right to use his property for any lawful purpose, and any claim that there are restrictions in such use of the property must be clearly and indubitably established. *Kitchens* v. *Noland,* supra; *Randall* v. *Atlanta Advertising Service,* supra. Therefore, in a case in which the plaintiff is attempting to impose on the land of the defendant restrictions beyond the express restrictions contained in the deed to the defendant, a charge by the court to the jury that 'the effect of the defendant filing its answer to the plaintiffs' petition is to put the burden of proof upon the plaintiffs to prove by the preponderance of testimony the allegations they make, except such allegations as may be admitted,' and 'the burden is upon the plaintiffs to prove to your satisfaction by the preponderance of testimony that the lot purchased by the defendant came under the general restrictions,' was not a correct statement of the law in reference to the burden of proof in such cases, and is error." The plaintiff in the instant case did not seek to "impose on the land of the defendant restrictions beyond the express stipulations contained in the deed to the defendant," but only to enforce an express stipulation contained in the defendant's deed by reference to a prior deed in defendant's chain of title, which prior deed stated that such covenant should "run with the land." In *Hancock* v. *Gumm,* 151 *Ga.* 667 (3) (107 S. E. 872, 16 A. L. R. 1003), it was ruled: "A purchaser of land is conclusively charged with notice of a restrictive agreement or covenant contained in a deed which constitutes one of the muniments of his own title; and generally this is true whether the deed containing such covenant is recorded or not." The deed from Ardsley Park Land Corporation to J. Ralston Lattimore, according to paragraph 4 of the petition (admitted by the defendant's answer) was recorded on June 29, 1920, and the defendant acquired title thereto by deed dated January 7, 1937, which deed specifically recited that the property described therein was conveyed "subject to the restrictions mentioned in" the deed from Ardsley Park Land Corporation to J. Ralston Lattimore. In addition to the *Gumm* case, supra, see *Horne* v. *Macon Telegraph Publishing Co.,* 142 *Ga.* 489 (83 S. E. 204, Ann. Cas. 1916B 1212); *Rosen* v. *Wolff,* 152 *Ga.* 578 (110 S. E. 877); *Smith* v. *Gulf Refining Co.,* 162 *Ga.* 191 (134 S. E. 446, 51 A. L. R.

1323); *Renfroe* v. *Alden,* 164 *Ga.* 77 (137 S. E. 831); *Phillips* v. *Blackwell,* 164 *Ga.* 856 (139 S. E. 547); *Reeves* v. *Comfort,* 172 *Ga.* 331 (157 S. E. 629); *Godfrey* v. *Huson,* 180 *Ga.* 483 (179 S. E. 114); *Gulf Corporation* v. *Suburban Realty Co.,* 183 *Ga.* 847 (190 S. E. 179). "To warrant relief by injunction in the case of a covenant restricting erections upon the premises conveyed, it is not essential that the plaintiff should show any actual damage resulting from the breach of covenant of which he complains; and if a clear breach be shown, equity may interpose its preventive aid regardless of the question of damages, since the covenantee is entitled to the benefit of his covenant." 2 High on Injunctions (4th ed.), 1142, § 1158. As aptly stated in Star Brewery Co. *v.* Primas, 163 Ill. 652 (45 N. E. 145): "Equity will interpose by injunction to prevent the breach of negative covenants annexed to deeds or leases. The prohibition of their breach is indirectly an enforcement of their specific performance. Equity will interfere by injunction to prevent the breach of an express, negative covenant, even though no substantial injury is caused by such breach. It will also interfere even though the damages, if any, may be recoverable at law. The reason is that the owner of land, selling or leasing it, may insist upon just such covenants as he pleases, touching the use and mode of enjoyment of the land. He has a right to define the injury for himself, and the party contracting with him must abide by the definition."

■ We consider it unnecessary to determine whether the conduct of Lattimore and Fulenwider, remote grantors of the plaintiff, as alleged in the plea in bar, was such as to estop them from invoking the restrictive covenants in the deed from Ardsley Park Land Corporation to Lattimore. Neither of them is seeking to enforce any covenant. When Lattimore executed to the defendant the deed to lot 183, he included therein by reference said covenants, and thus in effect incorporated them in this deed. Counsel for the defendant cites no authority to sustain the contention that the alleged conduct of Lattimore and Fulenwider, as stated in the plea in bar, estops the plaintiff from relying on and enforcing the covenants contained in the deed executed by Lattimore to the defendant. The defendant, Pindar Real Estate Company, was conclusively charged with notice of the restrictive covenant contained in the deed from Ardsley Park Land Corporation to Latti-

more, this deed being one of the muniments of its own title (*Hancock* v. *Gumm,* supra), and thus purchased the lot subject to such restrictive covenants.

■ We do not think the refusal of an injunction in this case can be upheld for the third reason urged by the defendant, "that under the provisions of the act approved March 28, 1935, . . covenants running with the land shall not run for more than twenty years in municipalities which have adopted zoning ordinances; and that there being a zoning ordinance in the City of Savannah and the said covenants having run for more than twenty years they are now void and of no effect." The Code, § 29-301, declares: "The purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty of title, or of quiet enjoyment, or of freedom from incumbrances, contained in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." By the act of 1935 (Ga. L. 1935, p. 112) was added the following: "Provided, however, that covenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws." Whether the General Assembly could lawfully have made this proviso retroactive in its operation is not now before us for determination. The proviso did not purport to have such effect. The Code section as amended was operative at the time the defendant acquired title to lot 183, and under the proviso the covenant incorporated in his deed, so far as the covenant restricted the land to certain uses, would expire in twenty years. "The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires." *Moore* v. *Gill,* 43 *Ga.* 388, 390; *Bank of Norman Park* v. *Colquitt County,* 169 *Ga.* 534 (2) (150 S. E. 841).

■ The court erred in refusing an injunction.

*Judgment reversed. All the Justices concur.*