## 28756, 28757. HOUSE et al. v. JAMES et al.; and vice versa.

JORDAN, Justice.

The appellants here, plaintiffs below, brought an action on October 31, 1973, in Bibb Superior Court seeking a temporary and permanent injunction against the appellees' proposed use of a house at 2034 Vineville Avenue in the City of Macon as a law office contrary to a restrictive covenant limiting the use for residential purposes only, said restrictions being first recorded in a declaration by the Beverly Place Development Company and C. C. Porter, on February 18, 1925. Prior approval for the use of the house as a law office was given by the Macon-Bibb County Planning & Zoning Commission, which Planning & Zoning Commission had been established more than twenty years prior to the initiation of this suit.

The trial court denied a temporary injunction on December 20, 1973, and denied the permanent injunction on January 18, 1974, holding that the restrictive covenants "in this case are rendered unenforceable by Code Ann. § 29-301 (Acts 1935, p. 112; 1962, p. 540)." From this order the appellants appealed. The appellees filed a cross appeal on the ground that the restrictions were not broad enough to prohibit the use of the premises as a law office. *Held:*

Code § 29-301 as amended reads in part as follows: "Provided, however, that covenants restricting lands to certain uses shall not run for more than twenty years in municipalities which have adopted zoning laws, nor in those areas in counties for which zoning laws have been adopted." The appellants contend that this proviso, adopted in 1935 as to municipalities and as to areas in counties in 1962 (Ga. L. 1935, p. 112; 1962, p. 540), is not applicable to restrictive covenants created prior to 1935 and that its application to such covenants created prior to that date violates and disregards the provisions of the Georgia Constitution (Code Ann. § 2-302). With this contention we do not agree. The appellants do not question and have not raised the question of the constitutionality of this Code section. They simply contend that it cannot constitutionally apply to

covenants which were in effect prior to its passage in 1935. We agree that the proviso in Code Ann. § 29-301 does not declare restrictive covenants running for more than twenty years to be void, and have so held. *McKinnon v. Neugent,* 225 Ga. 215, 217 (167 SE2d 593). But, we have also held that this proviso limits the period in which they can be enforced to twenty years in municipalities or counties where zoning acts are in effect. Where zoning is effective, the proviso in Code Ann. § 29-301 clearly limits the enforceability of these restrictions to a period of twenty years. See *Davies v. Curry,* 230 Ga. 190, 192 (196 SE2d 382).

The appellants rely on the cases of *Smith v. Pindar Real Estate Co.,* 187 Ga. 229 (3) (200 SE 131), and *Dooley v. Savannah Bank &c. Co.,* 199 Ga. 353 (34 SE2d 522). What we hold here is not contrary to any holding in those cases since they were decided within twenty years of the effective date of the 1935 Act and did not completely reach the question posed here. While some of the language in *Smith,* supra, indicates that the proviso would not be retroactive, it goes on to say: "The Code section as amended was operative at the time the defendant acquired title to lot 183, and under the proviso the covenant incorporated in his deed, as far as the covenant restricted the land to certain uses, would expire in twenty years." P. 236. That case involved a situation where the restrictive covenant was in existence prior to 1935 and where there was a zoning ordinance in effect at the time the suit was brought in 1938.

We have been unable to find a Georgia case decided since the *Dooley* case in 1945 wherein the question of the application of Code Ann. § 29-301 to covenants established prior to 1935 was considered.

The dissent contends that the application of Code Ann. § 29-301 to covenants established prior to 1935 is contrary to the Georgia and United States Constitutions which bar the passage of any law impairing the obligation of contracts (Code Ann. § 2-302; Code § 1-134). This contention overlooks the provision of the Georgia Constitution which provides "The General Assembly of the State shall have authority to grant the governing authorities of the municipalities and counties authority

to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvements on real estate therein." Code Ann. § 2-1923. Pursuant to this constitutional authority the General Assembly by statute has said "the governing authority of each municipality in this State is hereby authorized and empowered to make, adopt, promulgate, and, from time to time, amend, extend, and add to regulations effective in the corporate limits of such municipality restricting height, number of stories, and size of buildings and other structures, . . . the location and use of buildings and other structures, and the use, conditions of use, or occupancy of land for trade, industry, residence, recreation, transportation, agricultural, or for other purposes . . ." Code Ann. § 69-801. Construing these constitutional provisions together with the applicable statutory law we conclude that the broad zoning powers given thereunder take precedence over prior covenants in conflict therewith under the conditions set forth herein.

We hold today that restrictive covenants which have run more than twenty years within a municipality or county in which zoning laws have been in effect for more than twenty years are rendered unenforceable under Code Ann. § 29-301. This was the judgment of the trial court under the stipulated facts of this case and we affirm.

The above ruling renders moot the cross appeal filed in Case No. 28757.

*Judgment affirmed on main appeal; cross appeal dismissed. All the Justices concur, except Nichols, P. J., and Undercofler, J., who dissent.*

ARGUED APRIL 8, 1974 — DECIDED MAY 21, 1974 —
REHEARING DENIED JULY 2, 1974.

*Melton, McKenna & House, Carl E. Lancaster, Jr.,* for appellants.

*McKenney & Thornton, Neal D. McKenney, Tommy Day Wilcox, James & Shipp,* for appellees.

UNDERCOFLER, Justice, dissenting.

The majority opinion applies Code Ann. § 29-301 (Ga. L. 1935, p. 112; 1962, p. 540; 1971, p. 814) retroactively so as to nullify covenants created prior to its adoption. This is prohibited by both the Georgia Constitution and the United States Constitution (Code Ann. § 2-302; Code § 1-134), which bar the passage of any law impairing the obligation of contracts. Even though the constitutionality of the statute is not attacked in this case it is the duty of this court to give the statute prospective application when such construction would render it constitutional rather than give it a retroactive application which would render it unconstitutional. *Federal Deposit Ins. Corp. v. Beasley,* 193 Ga. 727 (2) (20 SE2d 23); *Sharpe v. Lowe,* 214 Ga. 513, 516 (106 SE2d 28); *Todd v. Morgan,* 215 Ga. 220 (2) (109 SE2d 803). As stated in *Dooley v. Savannah Bank &c. Co.,* 199 Ga. 353, 364 (34 SE2d 522): "Nor was there any merit in 'Defense Five,' in which it was averred that the covenant in question had expired by operation of law under the Act of 1935, declaring that 'covenants restricting lands to certain uses shall not run more than 20 years in municipalities which have adopted zoning laws.' Ga. L. 1935, p. 112; Code Ann. § 29-301. Properly construed, the Act of 1935 was not intended to operate retrospectively, and would not have the effect of terminating a covenant that was already in existence as a valid and binding contract between the parties. Code § 2-302; *Smith v. Pindar Real Estate Co.,* 187 Ga. 229 (3) (200 SE 131)."

I respectfully dissent. I am authorized to state that Presiding Justice Nichols concurs in this dissent.