31014. ROWLAND v. KELLOS et al.

HALL, Justice.
Crestview Subdivision in Richmond County was developed in 1938 with restrictions limiting the land to residential uses until January 1, 1978. In 1973, lots four through nine, which fronted on Washington Road, were rezoned for general business. At the time, Georgia Donuts, Inc. had attempted to build on lot nine, but had been stopped by an interlocutory injunction sought by a residential lot owner, Mittie Rowland, who is also the defendant-appellant in this action. The present owner of lots four through nine is plaintiff-appellee, Kellos, who now seeks a declaratory judgment that the restrictive covenants are unenforceable under Code Ann. § 29-301. The trial court granted his motion for summary judgment. Mrs. Rowland has appealed. We reverse.
1. Code Ann. § 29-301 provides that restrictive covenants may run with the land for only twenty years in municipalities (1935 Ga. L. p. 112) and counties (1962 Ga. L. p. 540), where zoning ordinances have been enacted. In *House v. James,* 232 Ga. 443, 445 (207 SE2d 201) (1974), we held this limitation applies to restrictive covenants existing prior to the enactment of the statute, saying, "[w]e hold today that restrictive covenants which have run more than twenty years within a municipality *or county* in which zoning laws have been in effect for more than twenty years are rendered unenforceable under

Code Ann. § 29-301." (Emphasis supplied.) Kellos contends that since the zoning laws and restrictive covenant in the present case have also existed for over 20 years, *House* is determinative; Rowland urges that the emphasized language is dictum, and that in order to decide this issue, we must reconcile *House* with two earlier cases, *Smith v. Pindar Real Estate Co.,* 187 Ga. 229 (200 SE 131) (1938) and *Dooley v. Savannah Bank & Trust Co.,* 199 Ga. 353 (34 SE2d 522) (1945). All three of these prior decisions involve the 1935 statute applicable to municipalities. This case involves the 1962 amendment making the twenty-year limitation applicable to counties having a zoning law.

In *Smith* and *Dooley,* we held that "the Act of 1935 was not intended to operate retrospectively, and would not have the effect of terminating a covenant that was already in existence as a valid and binding contract between the parties," before its enactment. *Dooley v. Savannah Bank & Trust Co.,* supra, p. 365. However we distinguished these cases in *House* where the statute had been in effect for *over* twenty years: "What we hold here is not contrary to any holding in those [*Dooley* and *Smith*] cases since they were decided *within twenty years* of the effective date of the 1935 Act . . ." *House v. James,* supra, p. 444.

Since the present case, like *Smith* and *Dooley,* was brought within twenty years of the statute as amended in 1962, making its terms applicable to counties with zoning ordinances, our decision is controlled by them. Therefore, we hold that restrictive covenants in existence prior to the 1962 amendment are rendered unenforceable under Code Ann. § 29-301 (*House v. James,* supra), beginning twenty years after the enactment of the applicable statute (*Smith v. Pindar Real Estate Co.,* supra; *Dooley v. Savannah Bank & Trust Co.,* supra). It thus follows that the trial court erred in granting summary judgment to the appellee Kellos. The restrictive covenant is enforceable until it expires by its own terms in 1978.

2. There is no merit to appellant's enumeration of error number one asserting that this is an improper case in which to seek a declaratory judgment. A concrete legal issue is presented by adverse, opposing parties. See

*Pilgrim v. First National Bank,* 235 Ga. 172 (219 SE2d 135) (1975); *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651) (1949).

3. Similarly, there is no merit to appellant's second enumeration contending that the trial court erred in denying her plea in abatement since this defense, if any, was not properly proved by presentation of certified copies of the record in the earlier case between her and Georgia Donuts, Inc. *Altman v. Florida-Georgia Tractor Co.,* 217 Ga. 292 (122 SE2d 88) (1961); *Watts v. Kundtz,* 128 Ga. App. 797 (197 SE2d 859) (1973).

4. The challenge to Code Ann. § 29-301 as violative of the federal and Georgia constitutions for impairment of contracts was decided adversely to appellant by this Court in *House v. James,* supra.

5. Appellant's fifth enumeration cites the trial court for failure to set out findings of fact and conclusions of law in its order. Although this writer has always urged that such a requirement would be beneficial to the appellate courts, Code Ann. § 81A-152 does not demand it: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Section 81A-112 or 81A-156 or any other motion except as provided in Section 81A-141(b)." See *Doyal Development Co., Inc. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975).

*Judgment reversed in part; affirmed in part. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only.*

ARGUED APRIL 13, 1976 — DECIDED MAY 5, 1976.

*Harrison, Roper & Garrett, D. Landrum Harrison,* for appellant.

*Nixon, Yow, Waller & Capers, John D. Capers, Richard E. Miley, Thomas W. Tucker, McGahee, Plunkett, Benning & Fletcher, Jack E. McGahee, David E. Hudson,* for appellees.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, J. Robert Coleman, Senior Assistant Attorney General, Verley J. Spivey, Assis-*

*tant Attorney General,* amicus curiae.

