### 35433. PAYNE et al. v. BORKAT et al.

MARSHALL, Justice.

The parties to this case are owners of lots in a residential subdivision in Tifton, Georgia. The plaintiffs filed a petition for declaratory judgment, seeking a declaration that a restrictive covenant in their deeds is

unenforceable. The trial court ruled in favor of the plaintiffs, and the defendants appeal.

The parties trace titles to their respective properties to a common grantor, who placed certain restrictive covenants on their lots in 1946, to run for a period of 50 years. Two of the restrictive covenants are drawn into controversy in this case: Restrictive Covenant 2, which provides that, "No building shall be erected upon any lot herein conveyed except for residence purposes"; and Restrictive Covenant 4, which provides that, "No more than one residence shall be erected upon any one lot herein conveyed."

In May of 1958, the parties' lots came under the control of zoning ordinances of the City of Tifton. Under Code Ann. § 29-301 (Ga. L. 1935, p. 112; 1962, p. 540; 1971, p. 814), "covenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws, nor in those areas in counties for which such zoning laws have been adopted . . ." The plaintiffs filed this declaratory judgment action in December of 1978, stating that they wished to resubdivide their lots so as to place more than one residence on each lot. The municipal zoning ordinances permit the erection of more than one residence on these lots, although Restrictive Covenant 4 in the plaintiffs' deeds purports to prohibit it. The trial court agreed with the plaintiffs' argument that Restrictive Covenant 4 has been rendered unenforceable under Code Ann. § 29-301.

1. On appeal, the defendants argue that Code Ann. § 29-301 has no application to Restrictive Covenant 4, because this restrictive covenant is a building restriction, as opposed to a use restriction, and Code Ann. § 29-301 does not apply to building restrictions. The defendants maintain that Code Ann. § 29-301 affects the enforceability of use restrictions only. The defendants suggest that Restrictive Covenant 2 is a use restriction; accordingly, they concede that this restrictive covenant is rendered unenforceable under Code Ann. § 29-301.

The defendants' concession reveals the fallacy of their argument. If we were to accept this argument, we would hold that Restrictive Covenant 2 has become unenforceable, and, therefore, the plaintiffs can erect

buildings on their lots for other than residence purposes; but, we would also hold that Restrictive Covenant 4 can still be enforced, and, therefore, the plaintiffs can erect only one residential structure on each lot. This is an exercise in illogic.

We do agree that there is an analytical distinction between building and use restrictions. Thus, it is necessary in a given case to determine whether a particular restrictive covenant merely prohibits the erection of a building other than a residence (building restriction), or whether it also prohibits the use of that structure for a nonresidential purpose (use restriction). See *Sissel v. Smith,* 242 Ga. 595 (250 SE2d 463) (1978); *Shoaf v. Bland,* 208 Ga. 709 (69 SE2d 258) (1952); *Jordan v. Orr,* 209 Ga. 161 (71 SE2d 206) (1952). See generally Ga. Real Est. Law §§ 19-186, 19-188, 19-191 (2d Ed.).

The purpose of Code Ann. § 29-301 is to render restrictive covenants in deeds unenforceable in cities and counties where zoning laws have been in effect for more than 20 years. That Code Ann. § 29-301 should apply to both building and use restrictions is illustrated by the fact that both restrictive covenants and zoning ordinances contain building and use restrictions. See generally Ga. Real Est. Law §§ 3-17, 3-25 — 3-36 (2d Ed.). Therefore, we hold that building and use restrictions are both within the scope of Code Ann. § 29-301.[1]

2. Alternatively, the defendants contend that the application of Code Ann. § 29-301 so as to invalidate Restrictive Covenant 4 is unconstitutional. They advance two reasons in support of this argument.

First, the defendants argue that although the government's interest in the integrity of its zoning laws justifies the invalidation of use restrictions after 20 years, the governmental interest does not justify the invalidation of building restrictions. For the purpose of

---

[1]We might note that we disagree with the defendants' characterization of Restrictive Covenant 2 as a use restriction. It has been held that a restrictive covenant couched in language similar to Restrictive Covenant 2 is a building restriction. *Shoaf v. Bland,* 208 Ga. 709, supra.

the government's interest in the integrity of its zoning laws, we find no distinction between building and use restrictions.

Village of Euclid v. Amber Realty Co., 272 U. S. 365 (47 SC 114, 71 LE 303) (1926), the decision in which the Supreme Court of the United States upheld the constitutionality of local zoning ordinances, involved a comprehensive zoning plan containing both building and use restrictions. The statute empowering municipalities of this state to exercise zoning powers speaks in terms of both building and use restrictions. Code Ann. § 69-801 (Ga. L. 1946, p. 191). The defendants' argument is clearly without merit.

Secondly, the defendants argue that the enforcement of Code Ann. § 29-301 so as to invalidate the building restriction in this case unconstitutionally impairs their right to contract. We disagree.

It has been held in *House v. James,* 232 Ga. 443 (207 SE2d 201) (1974), that the application of Code Ann. § 29-301 to restrictive covenants in deeds created before the statute was passed, so as to render those covenants unenforceable 20 years after the statute took effect, does not unconstitutionally impair the parties' right to contract.[2] It was held in *House* that the broad zoning

_____

[2] *House v. James* distinguished *Smith v. Pindar Real Estate Co.,* 187 Ga. 229 (3) (200 SE 131) (1938) and *Dooley v. Savannah Bank &c. Co.,* 199 Ga. 353 (6) (34 SE2d 522) (1945), wherein it was held that Code Ann. § 29-301 was not intended to operate retroactively to covenants in existence prior to the date this statute was passed. *Smith* and *Dooley* were distinguished in *House* on the ground that these cases were decided within 20 years of the effective date of the statute.

It was Ga. L. 1962, p. 540, that extended the operation of Code Ann. § 29-301 to areas in counties for which zoning laws have been adopted. In *Rowland v. Kellos,* 236 Ga. 799 (225 SE2d 302) (1976), this court followed *Smith* and *Dooley,* and distinguished *House,* in holding that the 1962 statute would not apply in 1976 to restrictive covenants in counties which were in existence prior to 1962.

powers given to counties and municipalities override the state and federal constitutional provisions against the passage of laws impairing the obligation of contracts. This holding would certainly apply to restrictive covenants, such as this, created after the statute was passed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 21, 1979 — DECIDED OCTOBER 31, 1979.

*Reinhardt, Whitley & Rogers, Bob Reinhardt,* for appellants.

*David J. Kelley,* for appellees.