42573. GODDARD v. IRBY et al.
(335 SE2d 286)

WELTNER, Justice.

Goddard owned a lot in a residential subdivision within the city limits of Decatur. Irby bought an adjacent lot. After obtaining a building permit from the city and a joint driveway easement from Goddard, Irby began constructing townhouses on the lot, in conformity with the building permit and the zoning classification. After construction had begun, Goddard filed suit against Irby, seeking a temporary restraining order to enjoin further construction. He sought damages, in the alternative, for interference with an easement which he claimed in Irby's property. The third count of the complaint sought abatement of a public and private nuisance. A temporary restraining order was denied, and Irby subsequently moved for summary judgment, which was granted. Goddard appeals from the granting of Irby's motion.

Goddard states in his brief that there is no dispute concerning the facts, and the issues on appeal are summarized below.

1. Whether Goddard had an easement of light and air in Irby's property.

Goddard failed to meet the statutory requirements for an implied easement of light and air.

OCGA § 44-9-2 provides as follows: "A right to an easement of light and air passing over another's land through existing lights or windows may not be acquired by prescription; but, when a person sells a house and the light necessary for the reasonable enjoyment thereof is derived from and across adjoining land belonging to such person, the easement of light and air over such vacant lot shall pass as an incident to the house sold as being necessary to the enjoyment thereof." Our cases have interpreted this right as existing as of the time the house is sold (with the adjoining property vacant) — not as coming into being at some later time. See *S. A. Lynch Corp. v. Stone*, 211 Ga. 516 (87 SE2d 57) (1955) (no easement where hotel later re-

placed) and *Smyth v. Nelson*, 135 Ga. 96 (68 SE 1032) (1910) (church has no easement of light and air in adjoining property when house existed on adjoining property at time church was built, though new house obstructs church's view more than original house).

The facts in this case show that the common grantor sold the Irby property before he sold the Goddard property. Thus the common grantor could not have conveyed an easement in the Irby property with the sale of a house on the Goddard lot. Additionally, Goddard's lot was vacant when the common grantor sold it, so the statutory easement could not arise. (This is deemed as factual by Goddard's failure timely to deny a request for admission.)

The trial court concluded correctly that Goddard did *not* have an easement of air and light in Irby's property.

2. Whether a setback restriction in Irby's deed was enforceable.

The restrictive covenant relied upon by Goddard is unenforceable under OCGA § 44-5-60 (b).

Irby's deed contains this recitation: "This conveyance is made subject to all agreements and restrictions of record. . . ." However, the restriction "of record" is contained in the deed to Irby's remote grantor, dated 1925. Because the city of Decatur has zoning laws, as Goddard admits, OCGA § 44-5-60 (b) limits the enforceability of such a restriction: "[C]ovenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws . . ." This statute includes building restrictions as well. *Payne v. Borkat*, 244 Ga. 615 (261 SE2d 393) (1979). Irby's "restriction," then, expired in 1945.

The trial court could conclude properly that Goddard has no easement in Irby's property.

3. Whether the construction of townhouses constituted a private nuisance to Goddard.

OCGA § 41-1-1 defines nuisance in part as follows: "The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste. . . ." Goddard's only assertion of nuisance is that the construction of the townhouses would lead to an increase in traffic congestion in front of his property. The trial court could conclude properly that this assertion of harm was fanciful.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 1985.

*Ross M. Goddard, Jr.,* for appellant.

*A. Joseph Nardone, Jr.*, for appellees.