S95A1070. APPALACHEE ENTERPRISES, INC. v. WALKER
et al.
(463 SE2d 896)

HINES, Justice.

At issue is the retrospective application of OCGA § 44-5-60 (d).

Appalachee Enterprises, Inc. purchased 43 of the then 46 lots (later increased to 50 lots) within the Pleasant Acres subdivision in Gwinnett County on October 22, 1973. One month earlier, the developer for Pleasant Acres had recorded a final plat containing covenants restricting the use of the lots. The covenants purported to remain in effect for 30 years, that is, until September 21, 2003. But pursuant to Code Ann. § 29-301, the predecessor of OCGA § 44-5-60 which existed at the time of Appalachee's purchase, the covenants would not run more than 20 years.[1]

In the years following its purchase, Appalachee sold individual lots until it retained only Lot 2 and a 2.5-acre parcel identified as the "Recreation Area." In anticipation of the September 21, 1993, running of the covenants, Appalachee obtained rezoning of Lot 2 from residential to office and industrial on June 26, 1990.

By a 1990 amendment, paragraph (d) was added to OCGA § 44-5-60 to provide for continuation of covenants in subdivisions containing 15 or more individual plots. In order to continue a covenant under the 1990 version of OCGA § 44-5-60 (d), two-thirds of the record owners affected by the covenant were required to execute a document in proper form stating that they wished the covenant to be continued. The documents were required to be filed prior to expiration of the initial period of the covenant or any extension. The 1990 statute provided for continuation for periods of ten years. A 1991 amendment increased the length of the extensions to 20 years. Effective July 1, 1993, OCGA § 44-5-60 (d) was changed to provide an automatic 20-year renewal of a covenant (in subdivisions containing 15 or more individual plots) unless 51 percent of the record owners of plots affected by the covenant execute a document in proper form stating their wish

---

[1] This limitation on the duration of covenants restricting the use of land in counties and municipalities which have adopted zoning is now contained in OCGA § 44-5-60 (b).

that the covenant be terminated.

On December 7, 1993, Appalachee entered into a contract to sell Lot 2 for the site of a medical clinic. A title insurance company declined to issue coverage because it questioned whether the restrictive covenants remained in effect.

Appalachee filed a "Complaint and Petition for Declaratory Judgment, Quia Timet, and Other Equitable Relief Regarding Pleasant Acres" against current property owners and mortgage and lienholders. In its complaint as amended, Appalachee sought a judgment declaring the covenants unenforceable because application of OCGA § 44-5-60 (d) as amended in 1993 would constitute a retrospective application of the law in violation of due process under the State and Federal Constitutions. The superior court denied all aspects of Appalachee's petition, and Appalachee appeals. We reverse.

1. There was no compliance by the lot owners with the procedure afforded by OCGA § 44-5-60 (d) prior to the 1993 amendment, which required a positive expression of choice by the landowners in order to continue the covenants. But the 1993 amendment providing an automatic continuation of the covenants in the absence of an overt rejection of the covenants by the landowners was effective before the September 21, 1993, expiration of the initial 20-year period of the covenants. Therefore, the statutory scheme requires application of the 1993 amendment of OCGA § 44-5-60 (d).

2. In general a statute is not to be given retrospective operation unless the language of the statute imperatively requires it. *Bank of Norman Park v. Colquitt County*, 169 Ga. 534, 536 (150 SE 841) (1929); *Moore v. Gill*, 43 Ga. 388, 390 (1871). In *Smith v. Pindar Real Estate Co.*, 187 Ga. 229 (200 SE 131) (1938) and *Dooley v. Savannah Bank &c. Co.*, 199 Ga. 353, 365 (6) (34 SE2d 522) (1945), this Court applied this general rule in construing predecessor Code § 29-301, and held that the statute lacked any expression purporting to require retrospective application.[2] Similarly, the statute as amended in 1993 does not contain language requiring that it operate retrospectively.

A statute cannot be considered to operate retrospectively, in its legal sense, merely

> because it relates to antecedent facts, . . . it [must be] intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence. . . .

---

[2] See and compare *Rowland v. Kellos*, 236 Ga. 799 (225 SE2d 302) (1976) and *House v. James*, 232 Ga. 443 (207 SE2d 201) (1974), which in whole or in part applied the law now codified in OCGA § 44-5-60 (b) to nullify previously created covenants.

*Ross v. Lettice*, 134 Ga. 866, 868 (68 SE 734) (1910). Retrospective operation

> takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past. . . .

Id. See also *Coastal Ga. Regional Dev. Center v. Higdon*, 263 Ga. 827, 830 (2) (439 SE2d 902) (1994).

Under the law at the time of Appalachee's purchase of the lots, it was plain that the covenants containing the use restrictions could last no longer than 20 years and there was no statutory provision for extension. The right to an end to the restrictions imposed by the covenants is as much of a substantive right as the expectation of protection from the covenants for the period of their duration. Moreover, the right was complete and consummated, and therefore, vested upon Appalachee's purchase of the property. See *Hayes v. Howell*, 251 Ga. 580, 584 (2) (b) (308 SE2d 170) (1983); *Merchants Bank v. Garrard*, 158 Ga. 867, 871 (124 SE 715) (1924). It is true that one "can have no vested right in a current state of the law which is subject to change, either by the legislature or the courts, without some act in reliance upon that law. [Cits.]" *Eig v. Savage*, 177 Ga. App. 514, 516 (339 SE2d 752) (1986). However, the purchase itself was in reliance upon the law at the time; so was Appalachee's plan for the possibility of future conveyance of a portion of the property for office or commercial use. "A constitutional act of the legislature has been found to be the equivalent of a contract and the rights created thereby may not be impaired by subsequent legislation. [Cits.]" *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980). "[L]egislation which affects substantive rights may operate prospectively only. [Cit.]" Id.

Application of OCGA § 44-5-60 (d) in this case amounts to an unconstitutional retrospective application of the statute. Thus, Appalachee was entitled to a declaration that the statutory provision is unenforceable in regard to its interest in the property at issue.

3. The decision in Division 2 renders the remainder of Appalachee's challenge moot.

*Judgment reversed. All the Justices concur, except Sears, J., who dissents.*

SEARS, Justice, dissenting.

Our case law holds that predecessor Code § 29-301 does have retrospective application.[3] For that reason, I respectfully dissent.

---

[3] See *Rowland v. Kellos*, 236 Ga. 799 (225 SE2d 302) (1976); *House v. James*, 232 Ga.

DECIDED DECEMBER 4, 1995.

*Ronald J. Doeve*, for appellant.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Florence J. Lytle, Webb, Tanner & Powell, Steven A. Pickens, Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Macey, Wilensky, Cohen, Wittner & Kessler, Susan L. Howick, Alston & Bird, James C. Grant, Jones, Morrison & Womack, William A. Morrison, Schuyler Elliott, James R. Thompson, Shapiro & Swertfeger, Patrick F. Henry, Jr., Zion, Tarleton & Siskin, Mark J. Siskin*, for appellees.

---

443 (207 SE2d 201) (1974), cited in note 2 of the majority opinion.