A00A0924. CANTERBURY FOREST ASSOCIATION v. COLLINS.
(532 SE2d 736)

ELDRIDGE, Judge.

Canterbury Forest Association, a subdivision homeowners' association in Muscogee County, appeals from the trial court's entry of summary judgment on its complaint against Randy Collins. The complaint was based upon Collins' alleged violation of restrictive covenants on his property. The trial court found that such covenants had expired and, therefore, granted Collins' motion for summary judgment. This Court finds that the trial court erred and reverses the trial court's order.

The relevant facts, viewed in a light most favorable to the association, as nonmovant,[1] are as follows: On June 15, 1975, Canterbury Forest Association adopted bylaws and various restrictive covenants for the subdivision's 26 lots. Collins purchased Lot 3 in August 1992; the deed included a provision which conveyed the land "subject to all valid and enforceable restrictive covenants and easements of record."

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

On March 16, 1995, Collins and 24 of the remaining 25 Canterbury Forest Association members signed an "Amendment to the Property Owners Agreement and Covenants," wherein they agreed to extend the covenants for an additional 20 years, until June 15, 2015.

In September 1998, Collins constructed a 1,400-square-foot metal building on his property in alleged violation of the covenants. The association demanded that Collins remove the building, and when he refused, it filed suit against him. Following a hearing on Collins' motion for summary judgment, the trial court determined that the covenants had expired as a matter of law and granted Collins' motion. The association appeals from this order. *Held*:

1. In its first enumeration, the association contends that the trial court erred in determining that the covenants had expired 20 years after their adoption, pursuant to OCGA § 44-5-60 (b), and were not automatically renewed under OCGA § 44-5-60 (d) (1). We disagree.

(a) Under OCGA § 44-5-60 (b), "covenants restricting lands to certain uses shall not run for more than 20 years" in counties with zoning laws. Therefore, unless renewed, such covenants expire as a matter of law after 20 years. From 1991 until July 1, 1993, OCGA § 44-5-60 (d) permitted landowners to renew such covenants for an additional 20 years. See Ga. L. 1991, p. 334, § 1. In order to renew the covenants, the statute required that the landowners approve the renewal by a two-thirds vote prior to the expiration dates of the covenants; that an attorney conduct a title search to confirm the record owners; and that several specific documents be prepared and filed in the county records. Id.

The Georgia General Assembly eliminated this renewal provision, however, by amending OCGA § 44-5-60 (d), effective July 1, 1993. Ga. L. 1993, p. 782, § 1. Under the current version of OCGA § 44-5-60 (d),

> covenants restricting lands to certain uses affecting planned subdivisions containing no fewer than 15 individual plots shall *automatically be renewed* beyond the [twenty-year expiration period] unless terminated [by fifty-one percent of the plot owners within two years prior to the expiration of the covenant]. Each such renewal shall be for an additional 20 year period, and there shall be no limit on the number of times such covenants shall be renewed.

(Emphasis supplied.) OCGA § 44-5-60 (d) (1). See also OCGA § 44-5-60 (d) (2).

However, the automatic renewal provision of OCGA § 44-5-60 (d), as amended in 1993, does not apply to the covenants at issue herein, so that the covenants expired in June 1995 after 20 years,

pursuant to OCGA § 44-5-60 (b). This finding is based upon the fact that the covenants were adopted in 1975, before the automatic renewal provision was adopted in 1993, and upon the Supreme Court of Georgia's decision in *Appalachee Enterprises v. Walker*, 266 Ga. 35, 36 (1) (463 SE2d 896) (1995). In *Appalachee*, the Court held that the automatic renewal provision of the 1993 amendment to OCGA § 44-5-60 (d) could not be applied retroactively and applied *only* to covenants adopted after July 1, 1993. Therefore, covenants adopted prior to that date automatically expire after 20 years pursuant to OCGA § 44-5-60 (b).

(b) (i) Further, under the same analysis, since the covenants herein were adopted prior to the 1990/1991 amendments creating renewal procedures, such procedures cannot be retroactively applied to breathe new life into covenants which were slated to expire as a matter of law. Notably, the 1990/1991 amendments had already been replaced by the 1993 automatic renewal provision at the time the association attempted renewal of the covenants in 1995.

(ii) Even if the 1990/1991 renewal procedures could be utilized to save these covenants, the association failed to strictly comply with the specific statutory requirements for such renewal. See Ga. L. 1991, p. 334, § 1. The association admits that it failed to file an attorney's affidavit and other required paperwork but insists that it substantially complied with the provision. However, the record clearly shows that it did not substantially comply with the statute. Further, substantial compliance is not enough when such covenants serve to restrict a landowner's lawful use and enjoyment of his land. Since restrictions on private property are generally not favored in Georgia, they:

> will not be enlarged or extended by construction, and any doubt will be construed in favor of the grantee. When it is sought to restrict one in the use of his own private property for any lawful purpose, the ground for such interference must be clear and indubitable. The word indubitable in its literal sense means without doubt.

(Citation and punctuation omitted.) *England v. Atkinson*, 196 Ga. 181, 184 (1) (26 SE 431) (1943).

Accordingly, the trial court did not err in determining that the covenant had expired as a matter of law on June 15, 1995.

2. In its second enumeration, the association contends that the trial court erred in determining that Collins was not bound by the covenants, pursuant to his March 1995 agreement with 24 other property owners. We agree and find that, under the principle of promissory estoppel, Collins and the other 24 landowners were bound to abide by the covenant's provisions until June 15, 2015.

Promissory estoppel is codified in Georgia as OCGA § 13-3-44 (a), which reads as follows: "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." See *Kamat v. Allatoona Fed. Sav. Bank*, 231 Ga. App. 259, 263 (3) (498 SE2d 152) (1998); see also *Knotts Landing Corp. v. Lathem*, 256 Ga. 321, 324 (3) (348 SE2d 651) (1986).

> To prevail on a promissory estoppel claim, plaintiffs must show that (1) defendant made certain promises, (2) defendant should have expected that plaintiffs would rely on such promises, (3) the plaintiffs did in fact rely on such promises to their detriment, and (4) injustice can be avoided only by enforcement of the promise. [Cits.]

*Kamat v. Allatoona Fed. Sav. Bank*, supra at 263 (3).

In this case, the landowners attempted, but failed, to execute a renewal of the existing covenants for 20 additional years. However, the record demonstrates that the landowners continued to conduct themselves in compliance with the covenants and continued to enforce the covenants as to each other for the next three years, unaware that the covenants had expired. The record clearly shows that, because they relied on the agreement to extend the covenants, the landowners took no action to enact new covenants or otherwise protect their property interests. Such forbearance, combined with their continued compliance with and enforcement of the covenants, binds Collins and the other 24 landowners personally[2] to comply with the covenants and prohibits them from violating such covenants until June 15, 2015.

Accordingly, this Court finds that Collins was bound by the covenants at issue at the time of his alleged violation in 1998.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 28, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000 — 

*Miller, Layfield & Lee, Lucius M. Layfield III, Harry O. Lee, Jr.,*

---

[2] The promise to comply with the covenants until June 15, 2015, however, applies to the landowners and Collins in their personal capacities and does not run with the land; therefore, it is not binding on subsequent landowners or assignees. See *Johnson v. Myers*, 226 Ga. 23 (172 SE2d 421) (1970); *James Talcott, Inc. v. Roy D. Warren Commercial*, 120 Ga. App. 544, 545 (1) (171 SE2d 907) (1969).

*Melissa R. Reynolds,* for appellant.
*Bradford C. Dodds,* for appellee.