A02A2208. BICKFORD et al. v. YANCEY DEVELOPMENT COMPANY, INC.
(574 SE2d 349)

ELDRIDGE, Judge.

Appellants, John and Molly Bickford, Ronald C. and Sandra Welch, Ben and Anne Witcher, Jerry and Gayle Hobbs, and Joe and Ann Phillips, as adjoining property owners to Yancey Development Company, Inc., brought a declaratory judgment action to determine if the 65.1 acres abutting Mayes Road, Cobb County, and purchased on September 29, 2000, by Yancey was subject to a restrictive covenant requiring minimum two-acre lots. All parties filed cross-motions for summary judgment on undisputed facts, and the trial court granted Yancey's motion and denied the appellants' motion, finding that

there was no restrictive covenant in force. Finding no error, we affirm.

The facts not in dispute were: that Yancey owned the 65.1 acres and purchased them in 2000 from a grantee of Frank Swift; that Cobb County issued a clearing permit to Yancey to develop the property as R30, i.e., 30,000-square-foot minimum lot size; that the appellants were adjoining property owners seeking to enjoin the execution of the clearing permit as ultra vires, because they contended that the property was zoned R80, i.e., minimum lot size of two acres; that on December 26, 1972, the property was zoned R30; that in 1977, Swift owned 165.54 acres, including this land; that on August 30, 1977, Swift filed an application for variance from the Cobb County Board of Zoning Appeals requesting the waiver of the ten-acre lot requirement under the then 4-22.2 Cobb County Zoning Code and omission of curb and guttering on some lots; that on October 13, 1977, the variance as requested was granted "subject to covenant on property being recorded showing average lot size as 10 acres, minimum house size of 1600 sq. ft. and per revised site plan marked exhibit A and per subdivision regulations 422-2, which spells out the requirements for subdivision with 2 or more acres"; that there was no revised plat marked exhibit A; that no formal covenants were ever recorded; that on November 3, 1977, a plat of the property was recorded which contained the language: "Zoning Variance Stipulation — granted October 13, 1977. 1. 1600 sq. ft. minimum area for dwelling unit. 2. Two-acre minimum lot size"; and that there was no subsequent filing or renewal of such provision. As Swift sold lots in his subdivision to the appellants, he made oral representation to each that the lot size was restricted to two acres. On August 2, 1996, Swift's deed to Zion Tabernacle Ministries, Inc. was recorded with Exhibit A attached, which contained only legal descriptions and easements. The May 5, 1981 deed to the Bickfords made no reference to any covenants. In fact, none of the deeds conveyed by Swift contained any covenants, and only the deed to Ray F. Reece mentioned that it was deeded subject to any recorded restrictive covenants.

1. In their first two claims of error, appellants contend that the trial court erred in not finding that an implied covenant bound Yancey to a minimum two-acre lot size and that the trial court erred in not finding that the recorded plat created an express covenant. Pretermitting that a valid covenant was created in some fashion in 1977, the determinative issue remains whether such a covenant was renewed or terminated after 20 years, as answered in Division 2, infra.

2. Appellants contend that the trial court erred in not finding that the 1977 covenants were automatically renewed in 1993 by the enactment of OCGA § 44-5-60 (d) (1). We do not agree.

Assuming that on November 3, 1977, the recording of the plat with the two-acre minimum lot size constituted the creation of a covenant which ran with the land, such covenants would lapse as a matter of law unless renewed. OCGA § 44-5-60. On November 3, 1997, as a matter of law after the passage of 20 years, absent a renewal, the covenants lapsed. See OCGA § 44-5-60 (b). However, appellants contend that OCGA § 44-5-60 (d) (1), amended in 1993, and affecting planned subdivisions of 15 or more lots, automatically renewed the 1977 covenants.

This Court in *Canterbury Forest Assn. v. Collins*, 243 Ga. App. 425, 426-427 (532 SE2d 736) (2000), held that

the automatic renewal provision of OCGA § 44-5-60 (d), as amended in 1993, does not apply to the covenants [that arose prior to 1993], so that the covenants expired [on November 2, 1997,] after 20 years pursuant to OCGA § 44-5-60 (b). This finding is based upon the fact that the covenants were adopted in [1977], before the automatic renewal provision was adopted in 1993.

Id. at 426-427 (1) (a). The automatic renewal provision of 1993 cannot be applied retroactively, because to do so would constitute an unconstitutional retrospective application of the statute impairing a vested substantive property right. See *Appalachee Enterprises v. Walker*, 266 Ga. 35, 36-37 (2) (463 SE2d 896) (1995); *Canterbury Forest v. Collins*, supra at 427.

Georgia law does not favor restrictions on private property that limit through a covenant the use and enjoyment of land by the landowner and will not enforce a covenant unless there has been strict compliance with renewal provisions of the statute. Thus, covenants in Georgia

will not be enlarged or extended by construction, and any doubt will be construed in favor of the grantee. When it is sought to restrict one in the use of his own private property for any lawful purpose, the ground for such interference must be clear and indubitable. The word "indubitable" in its literal sense means without doubt.

(Citation and punctuation omitted.) *England v. Atkinson*, 196 Ga. 181, 184 (1) (26 SE2d 431) (1943); *Canterbury Forest v. Collins*, supra at 427. Therefore, the trial court did not err in granting summary judgment to Yancey and denying summary judgment to the appellants. OCGA § 44-5-60 (b).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 4, 2002 —
RECONSIDERATION DENIED NOVEMBER 15, 2002

*Brock, Clay, Calhoun, Wilson & Rogers, Richard W. Calhoun, Shilpa S. Masih,* for appellants.

*Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Coleen D. Hosack, Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider, Sam P. Hensley, Jr., Moore, Ingram, Johnson & Steele, John K. Moore,* for appellee.