A98A0635. HILL v. MAYOR & ALDERMEN OF THE CITY OF
SAVANNAH.
(505 SE2d 35)

POPE, Presiding Judge.

Plaintiff Bobby L. Hill appeals from the trial court's grant of summary judgment to defendants, the Mayor and Aldermen of the City of Savannah, Georgia. Finding no issue of material fact which would preclude summary judgment in favor of defendants in this case, we affirm.

Construed most favorably to plaintiff, see *Mull v. Mickey's Lumber & Supply Co.*, 218 Ga. App. 343, 344 (1) (461 SE2d 270) (1995), the facts of this case show that on October 20, 1975, plaintiff deeded to his father, Birl D. Hill, Sr., certain real property, including a residence, located at 923 West 37th Street in Savannah. Subsequently, tax notices for 1976 were mailed to plaintiff's father at the above address. It is undisputed, however, that the taxes on the property became and remained delinquent. Consequently, on August 17, 1979, the Chatham County Tax Commissioner seized and levied upon the property for the delinquent taxes. After providing plaintiff's father and any tenants in possession with the notice required by law, on October 2, 1979, the Tax Commissioner offered the property for sale to the public, and on that same date, sold it to Chatham County for the amount of the delinquent taxes plus applicable costs, as authorized by OCGA § 48-4-20 (a) and (b).

On May 21, 1986, Chatham County filed a bar of redemption regarding its purchase of the property in accordance with OCGA § 48-4-45 (a). The bar of redemption indicates that it was served on all persons of record having an interest in the property, as well as any occupants of the property, as is required by OCGA § 48-4-45 (a) (1) (A) and (B). Shortly thereafter, plaintiff requested that Chatham County allow him until approximately January 4, 1987 to redeem the property on his father's behalf and pay any delinquent taxes and costs that had accrued on the property up until that time. Neither plaintiff nor anyone else, however, ever made such a payment, and the property was never redeemed from Chatham County.

On or about March 29, 1991, the residence located on the property was extensively damaged by fire. Following an inspection of the property, defendants determined that the residence was open, vacant and unsafe. After conducting a title search on the property, during which the record title holder was determined to be Chatham County, defendants notified Chatham County of the condition of the residence and sought permission to demolish the residence. By letter dated July 3, 1991, Chatham County authorized the demolition, and by October 21, 1991, the residence had been demolished, with the costs of the demolition being forwarded to the county.

On October 5, 1993, plaintiff, individually and on behalf of the heirs of his father, who had died intestate on May 2, 1989, filed suit against defendants. In his complaint, plaintiff claimed that defendants were liable for having deprived plaintiff and his family of the use and enjoyment of the residence and property in question in violation of their federal and state constitutional rights. In answering plaintiff's complaint, defendants denied liability and asserted as an affirmative defense that plaintiff lacked standing to maintain the suit because Chatham County held title to the property in question at the time of its demolition. Thereafter, defendants filed a motion for summary judgment based on the above affirmative defense. Concluding that plaintiff lacked the standing to maintain his suit, the trial court granted defendants' motion.

On appeal, plaintiff contends that because he has collaterally challenged the validity of the tax deed issued to Chatham County on the property on the ground that the deed was the result of an excessive tax levy, there is an issue of material fact regarding whether his father's estate, rather than Chatham County, owned the property on the date of the demolition, and thus, an issue of material fact regarding his standing to maintain the lawsuit against defendants in his capacity as an heir to and representative of his father's estate. We cannot agree.

Although it is true that under some circumstances a tax deed may be voided upon a determination that the deed was issued as the result of an excessive levy, see *Craig v. Arnold*, 227 Ga. 333 (180 SE2d 733) (1971); *Pierce v. Gaskins*, 168 Ga. App. 446, 449 (5) (309 SE2d 658) (1983), under OCGA § 48-4-47 (a), after notice of a bar of redemption has been filed, no action challenging the validity of the tax deed referred to in the bar of redemption may "be filed, allowed, sanctioned, or maintained . . . unless and until the plaintiff in the action pays or legally tenders to the grantee in the [tax] deed or to his successors the full amount of the redemption price for the property. . . ." The only exceptions to the above arise when it clearly appears that: (1) the taxes for which the tax sale at issue was held were not due at the time of the sale; or (2) the required service or notice of the bar of redemption was not given. OCGA § 48-4-47 (b).

In the case at bar, it is undisputed that plaintiff never has tendered the redemption price, or any sum for that matter, to Chatham County regarding the property at issue. Further, there is nothing in the record to indicate that the taxes, which formed the basis for the tax sale, were not due at the time of the sale, or that Chatham County failed to provide proper notice or service of its bar of redemption to any person entitled to such notice or service. Under such circumstances, plaintiff is barred by OCGA § 48-4-47 from collaterally attacking the validity of Chatham County's ownership of the prop-

erty at the time of the demolition in the present suit. In the absence of any legitimate or valid challenge to the county's ownership of the property at the time of the demolition in this case, plaintiff lacks the standing to challenge Chatham County's authorization of the demolition, as well as defendants' reliance on that authorization and subsequent demolition of the residence in question. Accordingly, the trial court properly granted summary judgment to defendants.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 16, 1998 —
RECONSIDERATION DENIED JULY 31, 1998 — ■■■■■■■■■■■

*Randall A. Schmidt*, for appellant.
*Lester B. Johnson III*, for appellee.