A02A0413. TURTLE COVE PROPERTY OWNERS ASSOCIATION, INC. v. JASPER COUNTY et al.
(566 SE2d 368)

JOHNSON, Presiding Judge.

The issue in this case is whether a subdivision's expired restrictive covenants were renewed. We find that the covenants were renewed and are still in effect. The trial court's holding to the contrary is therefore reversed.

Turtle Cove is a subdivision in Jasper County. In 1971, the developer of Turtle Cove encumbered the subdivision property with various covenants and restrictions. The declaration of covenants, recorded with the county, provides that the covenants are to remain in effect for 45 years, and upon the expiration of that period the covenants will automatically renew for successive 15-year terms, unless two-thirds of the property owners sign an agreement to terminate or modify the covenants.

At the time the declaration was recorded, the county had no zoning laws. But in 1975, Jasper County adopted zoning laws, which are still in effect. Because the county zoning laws and the covenants have been in effect for more than 20 years, Georgia law mandates that the 45-year term of the covenants is no longer valid. Instead, the covenants may run for only 20 years from the date of the zoning ordinance.

OCGA § 44-5-60 (b) provides: "[C]ovenants restricting lands to certain uses shall not run for more than 20 years in municipalities which have adopted zoning laws nor in those areas in counties for which zoning laws have been adopted." And the Supreme Court has held that where covenants and zoning have been in effect for more than 20 years, the covenants are limited to 20 years even if the zoning was adopted after the covenants were recorded.[1] Consequently, the initial term of the Turtle Cove covenants expired in 1995.

In 1998, Turtle Cove Property Owners Association, Inc. sued Jasper County for a rebate of property taxes paid from 1993 to 1996 on the common property in the subdivision. The association claimed that the common property had no taxable value because it was encumbered by the covenants. The county answered the complaint, asserting that the covenants were no longer in effect.

The case proceeded to a jury trial. The jury returned a verdict, denying tax rebates for 1993 through 1995, but awarding the association a rebate for 1996. The court, however, entered judgment notwithstanding the verdict in favor of the county, finding that the covenants expired in 1995, so the association is not entitled to a tax rebate for 1996. The association appeals from the court's judgment.

The parties agree that the covenants expired, pursuant to OCGA § 44-5-60 (b), in 1995. They also agree that the automatic renewal provision found in OCGA § 44-5-60 (d) does not apply here. That provision states that after the initial 20-year term, covenants in subdivisions of at least 15 plots shall automatically renew for unlimited 20-year terms, unless 51 percent of the plot owners execute a document to terminate the covenants.[2] The Supreme Court has held that this statutory automatic renewal provision, which took effect in 1993, shall only apply prospectively to covenants recorded after 1993.[3] Because the Turtle Cove covenants were recorded before 1993, the automatic renewal provided by OCGA § 44-5-60 (d) does not apply to them.

This case therefore turns on whether the covenants were renewed after their 1995 expiration pursuant to the automatic 15-year renewal provision set forth in the declaration of covenants. Restrictive covenants on real property are valid and enforceable so long as they are not contrary to law or public policy.[4] So the dispositive question before us is whether the Turtle Cove covenants' automatic renewal provision is contrary to law or public policy.

[1] *House v. James*, 232 Ga. 443, 444 (207 SE2d 201) (1974); see also *Canterbury Forest Assn. v. Collins*, 243 Ga. App. 425, 427 (1) (a) (532 SE2d 736) (2000).

[2] OCGA § 44-5-60 (d) (1), (2).

[3] *Appalachee Enterprises v. Walker*, 266 Ga. 35, 36-37 (2) (463 SE2d 896) (1995); *Canterbury Forest*, supra.

[4] *Bryan v. MBC Partners*, 246 Ga. App. 549, 551-552 (3) (541 SE2d 124) (2000).

There is nothing in the governing statute, OCGA § 44-5-60, which prohibits the automatic renewal of covenants. On the contrary, the public policy evidenced by the automatic renewal provision of OCGA § 44-5-60 (d) clearly favors the automatic renewal of covenants. And we know of no other law or public policy that is contravened by the Turtle Cove renewal provision. In fact, in another case in which the automatic statutory renewal did not apply, we approved of a renewal procedure set forth in the covenants.[5] Accordingly, we find that the Turtle Cove provision for automatic renewal of the covenants for 15-year terms, unless two-thirds of the property owners agree to terminate or modify the covenants, is not contrary to law or public policy.

Moreover, there is no evidence that two-thirds of the property owners agreed to terminate or modify the Turtle Cove covenants. Consequently, upon their expiration in 1995, the covenants automatically renewed for 15 years. The trial court therefore erred in finding that the covenants did not renew and in entering j.n.o.v. based on that erroneous finding.

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 29, 2002.

*Weissman, Nowack, Curry & Wilco, George E. Nowack, Jr., Linda B. Foster, Edward M. Gilgor, Derek W. Johanson,* for appellant.
*W. Dan Roberts, Roy R. Kelly III,* for appellees.

---

[5] *Bowman v. Walnut Mountain &c. Assn.*, 251 Ga. App. 91, 93 (1) (a) (553 SE2d 389) (2001).