S04A0564. SWEENEY et al. v. THE LANDINGS ASSOCIATION, INC.

(595 SE2d 74)

CARLEY, Justice.

D. L. Sweeney lives in The Landings, a gated residential community in Chatham County, Georgia, which is governed by The Landings Association (Association). He is a principal in D. L. Sweeney, Inc. (Corporation), which is a construction company engaged in building and renovating homes. Alleging that Sweeney violated the subdivision covenants by failing to keep his dog restrained, the Association informed him that certain of his privileges as a resident of the Landings would be suspended for a 30-day period. He and the Corporation filed suit, seeking declaratory and injunctive relief against enforcement of the sanction. The trial court granted a temporary restraining order, which was kept in effect pursuant to a consent order. After conducting a hearing, however, the trial court denied an interlocutory injunction. Sweeney and the Corporation (Appellants) appeal from that order.

1. The covenants applicable to The Landings originally took effect in 1972. Citing OCGA § 44-5-60 (b), Appellants contend that they are now unenforceable, having expired as a matter of law after 20 years.

OCGA § 44-5-60 (b) only provides that covenants restricting lands to certain uses will run only for 20 years in cities and counties subject to zoning laws. Neither that statute nor any other law limits the enforceability of covenants to only a single 20-year term or pre-

cludes their eventual renewal upon the expiration of that period. *Turtle Cove Property Owners Assn. v. Jasper County*, 255 Ga. App. 560, 562 (566 SE2d 368) (2002). Here, the covenants expressly provide that, after 20 years, they will renew automatically at successive 10-year intervals unless two-thirds of the residents objected. This provision is valid and enforceable as a matter of contract law. *Turtle Cove Property Owners Assn. v. Jasper County*, supra; *Bowman v. Walnut Mtn. Property Owners Assn.*, 251 Ga. App. 91, 92 (1) (553 SE2d 389) (2001). The covenants applicable to The Landings have never been rejected. Thus, they were renewed automatically in 1992 and again in 2002. Because the covenants themselves provide for their automatic renewal, the question of retroactive application of the principle of statutory automatic renewal pursuant to OCGA § 44-5-60 (d) does not arise. *Turtle Cove Property Owners Assn. v. Jasper County*, supra at 561. Compare *Bickford v. Yancey Development Co.*, 276 Ga. 814 (585 SE2d 78) (2003).

Appellants further contend that under the covenants, as amended, the Association lacks the authority to punish a resident of The Landings by suspending his or her privileges. It appears, however, that the provisions upon which they rely are ineffective, because they were a part of proposed amendments to the covenants which were not adopted in conformity with applicable procedures. See *Duffy v. The Landings Assn.*, 245 Ga. App. 104, 106 (536 SE2d 758) (2000). The covenants, as originally promulgated and renewed, provide that the Association is authorized to sanction a resident's infraction of rules and regulations governing the common areas by suspending his or her privileges for up to 30 days. Appellants do not present any valid reason why this provision does not apply to a resident who permits an unrestrained dog to roam the neighborhood in violation of the Association's rule that pets must be on a leash when in a common area.

2. Appellants urge that the trial court abused its discretion by denying the interlocutory injunction.

The purpose of an interlocutory injunction is to preserve the status quo and, in making that determination, the relative conveniences of the parties pending the final adjudication must be balanced. *University Health Services v. Long*, 274 Ga. 829 (561 SE2d 77) (2002). If the law and the facts make a final order in the plaintiff's favor unlikely, the interlocutory injunction can be denied based upon the inconvenience and harm to the defendant if it were granted. *Lee v. Environmental Pest & Termite Control*, 271 Ga. 371, 373 (2) (516 SE2d 76) (1999). Here, it does not appear likely that Appellants will prevail on the merits, as the original covenants of 1972 remain in force and effect by virtue of their subsequent automatic renewal, and those covenants authorize the Association to impose the sanction

that it proposes. The only way that a suspension of privileges can be avoided is if the unleashed dog never strayed onto the common areas of The Landings. However, there does not appear to be a contention that such is the case. Balanced against Sweeney's apparent infraction of the rules is the Association's obligation to enforce those rules for the benefit of all of the residents of the subdivision. Under the circumstances, denial of an interlocutory injunction was not an abuse of discretion. See *University Health Services v. Long*, supra.

3. Appellants contend that the trial court erroneously failed to include findings of fact and conclusions of law in its order. However, they did not make such a request of the trial court. Under OCGA § 9-11-52 (a), that constitutes a waiver. *Cage v. Chase Home Mortgage Corp.*, 212 Ga. App. 861 (1) (443 SE2d 504) (1994).

Appellants assert that they were relieved of any obligation to make a request, because the trial court voluntarily acknowledged that it would make findings and conclusions. However, that is not supported by the record. The transcript of the hearing reveals that, in the context of ruling on the Association's objection to certain documentary evidence, the trial court indicated that it would admit the contested material provisionally and that the final order would reflect whether or not it considered the exhibits. This colloquy shows only that the trial court intended to include in the final order a notation of its eventual evidentiary ruling on the objections raised by the Association, not that it was going to make findings and conclusions in support of its disposition of the application for an interlocutory injunction. Only the Association can complain if, contrary to the trial court's representation, the order does not reflect whether or not it considered the evidence which prompted the objection. Appellants cannot rely upon that representation as justification for their failure to request that the trial court make findings and conclusions.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 29, 2004 —
RECONSIDERATION DENIED APRIL 27, 2004.

*Duffy & Feemster, Dwight T. Feemster, Matthew M. Bush*, for appellants.

*Ranitz, Mahoney, Mahoney & Moss, Thomas J. Mahoney, Jr.*, for appellee.