[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15094
Non-Argument Calendar

_____

D. C. Docket Nos. 04-03448-CV-CAP-1,
02-93984 BKC-PW

IN RE:

DONALD LEON PRICE,

Debtor.

--------------------------------------------------------------------------------

DONALD LEON PRICE,

Plaintiff-Appellant,

versus

FOXWORTHY, INC.,
CITIFINANCIAL MORTGAGE COMPANY,
f.k.a. Associates Home Equity Service, Inc.,
f.k.a. Ford Consumer Finance,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 15, 2006)**

Before ANDERSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Donald Leon Price appeals the district court's affirmance of the bankruptcy court's dismissal of his adversary proceeding seeking to invalidate the forced sale of his former home to satisfy property tax debts. This adversary proceeding arose in relation to Price's Chapter 13 bankruptcy. The bankruptcy court addressed the merits of Price's action and ruled against him on all of his contentions. The district court affirmed the bankruptcy court's judgment of dismissal, but did so without reaching the merits of Price's statutory claims. Instead, the district court held that Price had no standing to collaterally attack the tax sale on Georgia statutory grounds and dismissed all statutory claims in the proceeding.

The court then addressed the merits of Price's contention that the Georgia Code sections that provide for notice of the impending tax sale of a property violate the Due Process Clauses of both the United States Constitution and the Georgia Constitution. The court held that the notice procedures provided by the Georgia Code met the requirements of both documents both on their face and as applied to Price. On appeal, Price contends (1) that he has standing to challenge the validity of the tax sale of his property regardless of the expiration of his right of redemption; (2) that the procedures followed in the sale of his property did not meet the requirements outlined

2

in Title 48 of the Georgia Code; and (3) that the Georgia Code's foreclosure procedures are constitutionally deficient both on their face and as applied to him.

We agree with the district court that Price has no standing to assert statutory claims. Under Georgia Code § 48-4-47, a party seeking to "in any way invalidate" a tax sale must first tender the redemption value of the property in question. It is undisputed that Price has made no such tender. Moreover, it is clear that Price has no remaining legal interest in his former property, as his statutory redemption period under Georgia Code § 48-4-45 has expired, and the current owner of the property has complied with all procedural requirements necessary to convert his interest in the property to an indefeasible fee. *See Nat'l Tax Fund. v. Harpagon Co., LLC*, 586 S.E.2d 235, 238 (Ga. 2003); *Forrester v. Lowe*, 15 S.E.2d 719, 724 (Ga. 1941); *Hill v. Mayor & Aldermen of the City of Savannah*, 505 S.E.2d 35, 36-37 (Ga. App. 1998).

The district court also held that the procedures outlined in the Georgia Code comport with the state and federal due process clauses. In *Mennonite Board of Missions v. Adams*, the Supreme Court held that notice mailed directly to the owner of a piece of property is a "minimum constitutional precondition" to the holding of a tax sale of that property. 462 U.S. 791, 800, 103 S. Ct. 2706, 2712 (1983). Georgia Code §§ 48-3-9 and 48-4-1 provide that a property owner receive notice by registered or certified mail of an impending tax sale, once twenty days before the sale date and

3

once ten days before the sale date. These notice requirements comply with the mandate of *Mennonite*. The bankruptcy court found that the Georgia officials who executed the levy on Price's property and held the tax sale complied with these notice requirements. The bankruptcy court also found that Price actually received the first notice, and that the second one was returned to the sender marked "unclaimed." Although Price denies having received these notices, the *Mennonite* Court required only that notice be mailed to the property owner, not that the property owner actually receive or accept such notice. *Dusenberry v. United States*, 534 U.S. 161, 169-70, 122 S. Ct. 694, 700-701 (2002). Thus, the Georgia procedures, both on their face and as applied to Price, comport with due process.

Accordingly, we affirm the district court's affirmance of the bankruptcy court's judgment dismissing Price's adversary proceeding.

**AFFIRMED.**