**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 13, 2022**

# In the Court of Appeals of Georgia

A22A0169. DENHARDT v. JONES.

MCFADDEN, Presiding Judge.

This appeal challenges a trial court order granting an interlocutory injunction. Because the appellant has failed to show that the trial court abused its discretion, we affirm.

1. *Facts and procedural posture.*

Carl Jones filed a declaratory judgment action against Eddie Denhardt and Debra Southern seeking to clear title to certain real estate and to set aside a deed to secure debt based on, among other things, claims of fraud. Denhardt answered the complaint and filed a motion to dismiss the complaint or, in the alternative, to transfer the case to another venue. Denhardt also initiated foreclosure proceedings against the

subject property. Jones then filed a motion for an interlocutory injunction to enjoin the foreclosure sale.

After a hearing, the trial court entered an order granting Jones' motion for an interlocutory injunction of a foreclosure sale, finding that Jones would be irreparably harmed if Denhardt were allowed to proceed with a foreclosure sale before the court had ruled in the instant action, that Denhardt's alleged interest in the property would not be harmed by such an injunction, that Jones' allegations of fraud and lack of consideration were sufficient to prevail against Denhardt, and that potential innocent purchasers could be irreparably harmed if the property were sold before a ruling in the instant action. Denhardt appeals from the trial court's order granting an interlocutory injunction.

2. *Interlocutory injunction.*

Denhardt argues that the trial court committed reversible error in granting the interlocutory injunction. We disagree. The general law regarding interlocutory injunctions is well settled.

> Whether to grant a request for interlocutory injunctive relief is within the trial court's discretion, and we will not reverse its decision unless the trial court made an error of law that contributed to the decision, there was no evidence on an element essential to relief, or the court manifestly abused its discretion. The purpose for granting interlocutory injunctions

2

is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case. When deciding whether to issue an interlocutory injunction, a trial court should consider whether: (1) there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (2) the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the party being enjoined; (3) there is a substantial likelihood that the moving party will prevail on the merits of its claims at trial; and (4) granting the interlocutory injunction will not disserve the public interest. The first factor — substantial threat of irreparable injury if an interlocutory injunction is not entered — is the most important one, given that the main purpose of an interlocutory injunction is to preserve the status quo temporarily to allow the parties and the court time to try the case in an orderly manner. Because the test for the issuance of an interlocutory injunction is a balancing test, it is not incumbent upon the movant to prove all four factors to obtain the interlocutory injunction.

*Wood v. Wade*, ___ Ga. App. ___ (869 SE2d 111) (2022) (citations and punctuation omitted).

(a) *Misinterpretation of law.*

Denhardt first enumerates that the trial court granted the injunction based on a misinterpretation of the law. But Denhardt has not identified any specific law the trial court misinterpreted and he has failed to show by the record that the judge misunderstood the law regarding interlocutory injunctions. Indeed, contrary to Denhardt's enumerated error, a review of the record shows that the trial court knew the applicable law. Among other things, the judge explained at the hearing that he

3

was issuing the injunction for the proper purpose of maintaining the status quo; he cited the statute pertaining to interlocutory injunctions in his order; and he made appropriate findings consistent with the law on interlocutory injunctions as discussed above, including a finding regarding the most important factor of irreparable harm to the movant. "The trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon [him] by law. This court will not presume the trial court committed error where that fact does not affirmatively appear." *Infinite Energy v. Ga. PSC*, 257 Ga. App. 757, 759 (1) (572 SE2d 91) (2002) (citation and punctuation omitted). Accord *Stewart v. McDonald*, 334 Ga. App. 461, 464 n. 5 (779 SE2d 695) (2015) ("we presume that the trial court understood and applied the correct law unless the [appellant] shows otherwise").

To the extent this enumeration can be construed as an argument that the trial court erred in its consideration of the third factor cited above — the substantial likelihood that the moving party will prevail on the merits of its claims at trial — the argument fails to show an abuse of discretion mandating reversal. We first note that Denhardt incorrectly claims that the trial court prohibited either party from introducing evidence at the interlocutory injunction hearing; a review of the hearing transcript reveals that the court issued no such prohibition.

4

Moreover, as explained above, "[b]ecause the test for the issuance of an interlocutory injunction is a balancing test, it is not incumbent upon the movant to prove all four factors to obtain the interlocutory injunction." *Wood*, supra. So even assuming for the sake of argument that Jones did not adequately prove the third factor, Denhardt still must show that the trial court abused its discretion in balancing all the factors. But he has not made such a showing, failing to make cognizable claims of error as to the court's findings on the other three factors and as to the court's balancing of the factors.

> [T]he decision to grant an interlocutory injunction must often be made under time constraints that do not allow for the careful deliberation and reflection that accompany a full trial on the merits. Thus, the trial court must make a judgment call regarding the equities presented, and the court is vested with broad discretion in making that decision.

*City of Waycross v. Pierce County Bd. of Commissioners*, 300 Ga. 109, 110 (1) (793 SE2d 389) (2016) (citation and punctuation omitted). Because Denhardt has failed to carry his burden of affirmatively showing that the trial court misunderstood and misapplied the law, "we conclude that the trial court did not abuse its considerable discretion in granting the motion for an interlocutory injunction." *Wood*, supra at ___ (2) (e) (citation and punctuation omitted).

5

(b) *Tender.*

Denhardt claims that the trial court erred in failing to require Jones to tender the amount owed on the promissory note before granting the injunction. The claim is without merit.

> It is true that in a typical wrongful foreclosure action, the plaintiff is required to tender the amount due under the security deed and note in order to maintain an action in equity. . . . [H]owever, . . . tender is not an absolute rule, especially where it is alleged that the foreclosing party procured the sale of the property through its own improper conduct[.]

*Metro Atlanta Task Force for the Homeless v. Ichthus Community Trust*, 298 Ga. 221, 236 (4) (a) (780 SE2d 311) (2015) (citation, punctuation, and footnote omitted).

This is not a typical wrongful foreclosure action. Indeed it is not a wrongful foreclosure action at all. It is a declaratory judgment action. Jones brought this action against Denhardt, seeking to clear title. Denhardt attempted foreclosure while it was pending.

Moreover, Jones's allegations in this case include fraud by Denhardt and that the security deed and promissory note were improperly assigned to Denhardt. Since this is not a typical wrongful foreclosure action and is instead a declaratory judgment action involving allegations of wrongful conduct by Denhardt, we find no reversible error in the trial court not requiring tender prior to granting the interlocutory

6

injunction. See *Coates v. Jones*, 142 Ga. 237 (82 SE 649) (1914) (plaintiff was exempt from tender under circumstances which included fraudulent conduct by the defendant). Compare *Oconee Fed. Savings and Loan Assn. v. Brown*, 349 Ga. App. 54, 60 (825 SE2d 456) (2019) (involving "typical wrongful foreclosure action" requiring tender in order to obtain injunction).

(c) *Lis pendens.*

Denhardt cites *Ingram & Le Grand Lumber Co. v. McAllister*, 188 Ga. 626 (4 SE2d 558) (1939) to support his proposition that because Jones filed a lis pendens before seeking the injunction, he is precluded from obtaining an interlocutory injunction. But *Ingram & Le Grand Lumber* does not stand for such a proposition. It holds instead "that where the rights of the plaintiff to the property in question are secured under the rule of lis pendens, the judge *in the exercise of his discretion may refuse an interlocutory injunction*." Id. at 631 (emphasis supplied). So contrary to Denhardt's argument, the filing of a lis pendens did not mandate that the trial court refuse to grant an interlocutory injunction and instead left the matter to the discretion of the trial judge. Indeed, "[t]he granting . . . of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case." OCGA § 9-5-8. Under the circumstances of this case, we find that "the trial court did not

abuse its discretion in granting the interlocutory injunction to maintain the status quo[.]" *American Lien Fund v. Dixon*, 286 Ga. 562, 566 (3) (690 SE2d 415) (2010).

*Judgment affirmed. Gobeil and Pinson, JJ., concur*.